William J. **PERLSTEIN** as Disbursing Agent for the AOV Industries Fund, Plaintiff,

v.

The **ORE & CHEMICAL CORPORATION,** Defendant.

Civ. A. No. 83–3338.

United States District Court, District of Columbia.

March 30, 1984.

Reconsideration Denied April 19, 1984.

John H. Harwood, II, Max O. Truitt, Jr., Alan S. Tenenbaum, Duane D. Morse, Washington, D.C., for plaintiff.

John R. Ferguson, Washington, D.C., William M. Barron, New York City, for defendant.

MEMORANDUM

GESELL, District Judge.

Because of uncertainty concerning the future status of the Bankruptcy Court, plaintiff, as disbursing agent for the AOV Industries Fund (AOV), has by motion requested the Court to stay proceedings in this Court or otherwise protect his rights in the event it should develop that the Bankruptcy Court, where the issues are now pending, lacks power to adjudicate this dispute. Defendant The Ore & Chemical Corporation (OCC) has opposed this motion. In addition, OCC asserts that the issues raised by Count II of the complaint are directly analogous to those in this Court's decision in *In re Page*, 18 B.R. 713 (D.C.D. D.C.1982), and can thus be promptly resolved in defendant's favor by a motion for summary judgment. After a hearing in open court the Court undertook to consider a summary judgment motion addressed to Count II before acting on plaintiff's motion. The summary judgment motion, which has now been fully briefed and considered, must be denied for reasons stated below and the case is dismissed by order protecting plaintiff's rights.

Plaintiff has been authorized by order of the Bankruptcy Court and this Court to recover certain properties of a group of related debtor corporations on behalf of creditors pursuant to a Plan of Reorganization arising out of a Chapter 11 petition in bankruptcy filed November 6, 1981. *In re AVO Industries*, No. 81–00617 (Bankr.D.D. C.). Violations of § 550 of the Bankruptcy Reform Act of 1978 dealing with preferential payment are alleged in this suit which concerns one of the related debtors, Alla-Ohio Valley Coal, Inc. (Alla), a former AOV subsidiary.*

Count II involves a claim for $134,871.75 arising from three specified transactions which plaintiff seeks to recover under § 550. There is no material fact in dispute since OCC, for purposes of the motion, accepts the facts set forth in plaintiff's opposition.

---

* This is one of several property recovery claims already filed in District Court by plaintiff; perhaps more than 100 further claims will be made as inquiries proceed.

The basic facts are simple. OCC sold coal to Alla, which was in the business of buying coal from suppliers in the United States for export or sale to exporters. Alla had an established business relationship with Steag, a West German coal importer, and sold coal to it pursuant to comprehensive agreements. Those agreements provided, among other things, that Steag was to buy coal from Alla for export from American ports to certain foreign customers and was to pay Alla for the coal by an irrevocable letter of credit opened by Steag in Alla's favor at Commerczbank, New York.

Alla used this letter of credit to make its own purchases of coal from domestic suppliers, including OCC. Alla would arrange with Steag to deliver coal to a particular ship at a particular port, negotiate a purchase contract with domestic suppliers to obtain coal for the ship, telex Steag requesting issuance of a transferable letter of credit in Alla's favor, setting forth payment terms identical to those in its supplier contract, and then transfer Alla's right to payment from Steag under the Steag opened letter of credit to the supplier, in this case OCC, in return for the coal resold to Steag on board ship as previously arranged.

Plaintiff makes claim from OCC for return of money OCC received in this fashion within 90 days prior to filing of the bankruptcy petition, asserting that Alla's transfer of its rights to payment from Steag over to OCC constitutes a preference over other creditors. Relying on *In re Page,* *supra,* OCC argues that once a bank enters into an independent obligation to pay another party's debt out of its own assets, payment by the bank can neither be enjoined nor, axiomatically, recovered as a preference by the bankrupt debtor, because "the letter of credit and its proceeds represent property of the bank, not the debtor." 18 B.R. at 716.

*In re Page* is not in point. That case did not involve a debtor who transferred cash due it under a customer letter of credit to a credit supplier within the 90–day period. Indeed, that case concerned the rights of one directly guaranteed by letter of credit to hold the bank to *its* obligation. This case, on the other hand, does not even involve the *bank's* obligation to OCC. It apparently involves only return of cash belonging to Alla which Alla allowed the bank to turn over directly to OCC.

Summary judgment will not be allowed on the present motion. Resolution of the issues raised should proceed in the Bankruptcy Court in normal course and in the light of further facts which may be developed under both Count I and Count II. An appropriate dismissal protecting plaintiff's contingent rights will be granted. Two orders are filed herewith.

### *ORDER*

Upon consideration of plaintiff's motion to stay further proceedings in this action, it is hereby

ORDERED that this action be dismissed without prejudice with the right of the parties to reopen the case within 30 days of a final determination that the Bankruptcy Court would be unable to decide the merits in *Perlstein v. The Ore & Chemical Corp.,* Adv.Pro. No. 83–0297; and it is further

ORDERED that, if this action is reopened, the time between the original filing of this action on November 8, 1983, and the reopening of this action will not be relied on in computing the running of time under any applicable statute of limitations or by way of laches or otherwise in defense of the claim asserted in this action.

### ON MOTION FOR RECONSIDERATION

Defendant has moved for reconsideration of this Court's Order of March 30, 1984, denying defendant's motion for summary judgment as to Count II; plaintiff has opposed. The Memorandum accompanying the Court's Order stated that "[r]esolution of the issues raised should proceed in the Bankruptcy Court in normal course and in the light of further facts which may be developed under both Count I and Count II." Memorandum at 4. Nothing in defendant's present motion suggests that this is not still the appropriate course, and defendant is of course free to renew its argu-

ments on fully developed facts before the Bankruptcy Court. Accordingly, defendant's motion is denied.

SO ORDERED.